### KCPO EMPLOYEES CREDIT UNION, Plaintiff,

v.

### Samuel L. MITCHELL et al., Defendants,

### United States of America, United States Postal Service, Garnishee.

### STAR CREDIT UNION, Plaintiff,

v.

### Ronnie L. FEITZ, Defendant,

### United States of America, United States Postal Service, Garnishee.

Nos. 76 CV 483-W-1, 76 CV 568-W-1.

United States District Court, W. D. Missouri, W. D.

Oct. 29, 1976.

Arnold L. Kort, Kansas City, Mo., for plaintiffs.

Bert C. Hurn, U. S. Atty., J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for garnishee.

---

8. See *Rock Transport Properties Corp. v. Hartford Fire Ins. Co.*, 312 F.Supp. 341, 348 (S.D.N.Y.), *aff'd*, 433 F.2d 152 (2d Cir. 1970).

MEMORANDUM AND ORDERS RE-
MANDING CASES TO STATE
COURTS FROM WHENCE THEY
WERE REMOVED

JOHN W. OLIVER, District Judge.

I.

These cases reflect the latest effort on the part of the United States Attorney's office to remove ancillary garnishment proceedings commenced in State courts to collect judgments rendered in those courts against employees of the United States Postal Service.[1] Case No. 76 CV 568–W–1 involves a garnishment for less than $1,000 which pended in the Fourth District Magistrate Court for Jackson County, Missouri. Case No. 76 CV 483–W–1, which pended in the Circuit Court of Jackson County, Missouri, also involves an amount substantially less than the requisite $10,000 jurisdictional amount for original jurisdictional purposes, had removal been based on Section 1441(a), Title 28, United States Code.

Both of the above cases pend on the motion of the First Assistant United States Attorney for this District to quash summons of garnishment. We do not reach the immunity question presented by that motion for the reason "the first order of business is for the federal court to determine its own jurisdiction." 1A Moore's *Federal Practice*, ¶ 0.169[1], p. 557. We recognize,

of course, that some courts have ruled immunity defenses without examining the jurisdictional question. Indeed, some courts, see *City of Sacramento v. Secretary of Housing and Urban Development of Washington, D. C.* (E.D.Cal.1972), 363 F.Supp. 736, have ruled motions presenting immunity issues before ruling on a motion to remand.

We agree, however, with Professor Moore's criticism of *City of Sacramento*, as stated in 1A Moore's *Federal Practice*, ¶ 0.169[1] footnote 15, p. 558. Professor Moore, we believe correctly, points out that an immunity defense is not a *jurisdictional* defense and that the command of Section 1447(c), Title 28, United States Code, requires a remand as the first order of business under circumstances where the State court has jurisdiction but the federal court lacks both original and removal jurisdiction. See 1A Moore's *Federal Practice*, ¶ 0.169[1], p. 554.[2]

Section 1447(c), Title 28, United States Code, imposes the duty on all district courts to remand any case removed from the State court when it appears "that the case was removed improvidently and without jurisdiction." In light of the United States Attorney's Office's representation that each of the above cases is but "one of numerous cases pending in the Western District of Missouri which have been removed from

1. *Taylor v. Taylor*, No. 75 CV 19–SJ, and *Evans v. Evans*, No. 75 CV 475–W–1, both remanded to the State courts in 1975, reflected earlier unsuccessful efforts to remove similar garnishment proceedings from the State courts. The government's claim of removal in those and similar cases was based on the notion that Public Law 93–647 (January 4, 1975) constituted a waiver of sovereign immunity by the United States in regard to all State court garnishment proceedings against employees of the United States and that § 101(a) of that law was, in effect, a grant of original jurisdiction over State court garnishment proceedings. In remanding both those cases we indicated our agreement with the view of the General Counsel of the Administrative Office of the United States Courts that Public Law 93–647 did not constitute a grant of original jurisdiction and that actions for garnishment were not automatically removable under the general removal statutes.

2. We have, of course, read the opinions attached as exhibits to the First Assistant United States Attorney's suggestions in support of his pending motion to quash. Those unreported opinions from the Eastern District of Missouri and the Southern District of Ohio show on their face that the jurisdictional question presented in the cases before this Court was not considered or discussed. Judge Rubin's complete reliance on *Drs. Macht, Podore & Associates, Inc. v. Girton* (S.D.Ohio 1975), 392 F.Supp. 66, suggests that the removal invoked in the Southern District of Ohio case, attached as Exhibit D, was pursuant to § 1441, rather than § 1442(a)(1). In any event, none of the cases attached to the suggestions can be read to support the petitions for removal involved in the cases before this Court for the reason stated.

State court to federal court in which the United States Postal Service was named as a garnishee in order to attach wages due employees of the United States Postal Service in the hands of said Service for an obligation arising from a commercial transaction," it is particularly important that we determine whether these cases were improvidently removed and whether this Court has jurisdiction under Section 1442(a)(1), Title 28, United States Code, the sole basis of removal alleged in each petition for removal.[3]

## II.

■ The petition for removal in both the above cases alleges:

That the United States Postal Service is an agency of the United States and, therefore, this petition for removal is properly brought pursuant to Title 28, United States Code, § 1442(a)(1).[4]

The prayer in the petition for removal in both cases alleges:

WHEREFORE, garnishee, the United States Postal Service, an agency of the United States, prays this matter be removed from the Fourth District Magistrate Court for Jackson County, Missouri [as alleged in Case No. 76 CV 568–W–1. The Circuit Court of Jackson County, Missouri, is alleged in Case No. 76 CV 483–W–1], so that the validity of the summons of garnishment and all proceedings incident thereto be heard and determined in accordance with the laws of the United States.

Section 1442(a)(1), Title 28, United States Code, the federal officer removal statute, provides that:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

It is quite apparent that the removal in both of the above cases is based on the notion that "any agency" of the United States has a right under § 1442(a)(1) to remove a civil action pending in a State court any time such an agency is served as a garnishee in a State ancillary garnishment proceeding to collect a State court judgment obtained against an employee of that agency. The petitions for removal in both cases show on their face that removal is sought solely by "The United States Postal Service, an agency of the United States." Neither petition for removal even remotely suggests that any officer of the United States or that any officer of any agency of the United States seeks to have any civil action commenced against him as a person removed to this Court of the United States.

The question presented in this case is not whether Section 1442(a)(1), the federal officer removal statute, is to be given a "narrow" or a "limited" construction, see *Colorado v. Symes*, 286 U.S. 510, 517, 52 S.Ct. 635, 76 L.Ed. 1253 (1932), or whether Section 1442(a)(1) should be given a "narrow, grudging interpretation," *Willingham v.*

---

**3.** A check of the numerous cases which pend in other Divisions of this Court reveals that the petitions for removal in those cases are in substantially the same form as the petitions for removal filed in the cases under consideration.

**4.** While the petition for removal in both cases allege that the "United States Postal Service has recently been joined as garnishee," the exhibits attached to the petition for removal in Case No. 76–483–W–1 shows that the gar-

nishee actually named was "Lee Summit Post Office, 210 Market, S Lee Summit, Missouri." The exhibit attached to the petition in No. 76 CV 483–W–1 is partially illegible. It is clear, however, that some corporation other than the "United States Postal Service" was named as garnishee. The significant facts, of course, are that no individual was named as garnishee in either case and that the removal is sought by an agency of the United States rather than an officer of such an agency.

*Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). The question presented is simply whether Section 1442(a)(1), the federal officer removal statute, can be read as conferring a right of removal on "any agency" of the United States.

It is our considered judgment that Section 1442(a)(1) confers the right of removal only upon officers of the United States and officers of any agency of the United States who have been sued in State court for some act or conduct which such an individual defendant may have allegedly taken under color of his federal office or on account of authority claimed under federal law. It is further our conclusion that no "agency" of the United States has any right of removal under Section 1442(a)(1).

### III.

The government has cited no authority which suggests that "any agency" of the United States, as distinguished from an individual officer of such an agency, has a right of removal under § 1442(a)(1).[5] It is our view that § 1442(a)(1) simply cannot be given such a tortured reading. *Willingham v. Morgan, supra,* traces the ancient history of § 1442(a)(1). The Supreme Court concluded in that case that the federal officer removal statute "is an incident of federal supremacy, and that one of its purposes was to provide a federal forum for cases where *federal officials* must raise defenses arising from their official duties." 395 U.S. at 405, 89 S.Ct. at 1815 (emphasis ours). That case requires that § 1442(a)(1) must be read in a manner sufficiently broad "to cover all cases where *federal officers* can raise a colorable defense arising out of their duty to enforce federal law." 395 U.S. at 406–407, 89 S.Ct. at 1816 (emphasis ours).

*Willingham v. Morgan* also teaches that the only substantial questions which have arisen under § 1442(a)(1) generally relate to

questions of whether the record on removal in a particular case can be said to support a finding that the suit against the individual defendant federal officer "grows out of conduct under color of office, and that it is, therefore, removable." *Willingham* reaffirmed the rule stated fifty years ago in *Maryland v. Soper (1)*, 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926), when it stated that "Past cases have interpreted the 'color of office' test to require a showing of a 'causal connection' between the charged conduct and asserted official authority." 395 U.S. at 409, 89 S.Ct. at 1817.

Before the enactment of the Postal Reorganization Act, Public Law 91–375, which was theoretically designed to authorize the operation of the Postal Service in "a business-like way," [1970 U.S.Code Cong. & Admin.News, pp. 3649, 3660], district courts had no difficulty in concluding that many cases against postmen, both civil and criminal, were not removable under § 1442(a) although postmen were obviously "officers of the United States" within the meaning of the statute before the reorganization of the postal service. The postmen involved in those cases simply could not be found to have been acting "under color of office" or in discharge of a federally imposed duty. See, for example, *State of Oklahoma v. Willingham* (E.D.Okl.1956), 143 F.Supp. 445, which remanded a misdemeanor traffic violation charge against a rural mail carrier to the Justice of the Peace of Seminole County, Oklahoma. See also *Goldfarb v. Muller* (D.N.J.1959), 181 F.Supp. 41, and *Ebersole v. Helm* (E.D.Pa.1960), 185 F.Supp. 277, which remanded automobile damage suits brought against postmen to the respective State courts from whence they had been removed. In the latter case, Circuit Judge Goodrich concluded that to substitute a "scope of employment" test for the "color of office" test applicable to Section

---

5. The government, in apparent anticipation of necessary jurisdictional inquiry, has argued that "it has long been held that a garnishment is a 'civil action' for purposes of removal." *Stoll v. Hawkeye Casualty Co.* (8 Cir. 1950), 185 F.2d 96, and its progeny are cited to support that broad statement. The difficulty with

the government's position is that all cases to which our attention has been directed involved § 1441(a), the general removal statute, rather than removals attempted under § 1442(a)(1). Cases construing § 1441 simply have no application to cases in which a removal was based solely on § 1442(a)(1).

1442(a)(1) would "twist the statute out of its rational construction and go far beyond anything the Congress could possibly have intended in its enactment."[6] In our judgment, any reading of Section 1442(a)(1) which would grant "any agency" of the United States a right of removal never before recognized in legislation which dates back to 1815 would also twist the statute out of its rational construction. As Judge Rice correctly pointed out in *State of Oklahoma v. Willingham, supra,* the 1948 Revision of the Code, which codified § 1442 in its present form, "made no change in the theory or basis for removal" under the federal officer removal statute.

There obviously is no claim in either of the cases before the Court that any federal officer did anything in connection with the commercial transaction which resulted in the State court judgment against an employee of the United States Postal Service or the ancillary garnishment proceedings to collect that judgment. Any requisite "causal connection" with any individual conduct or action which could be said to meet the established "color of office" test required by § 1442(a)(1) simply cannot be established under the circumstances of the cases before this Court.

Because of the importance of the question presented, we have circulated a copy of our opinion in these two cases to all active judges of this Court. Chief Judge William H. Becker, Judge William R. Collinson and Judge Elmo B. Hunter have authorized me to state that each agree with the construction placed on § 1442(a) stated in this memorandum opinion and that all State court garnishment proceedings similar to those involved in these cases which may be removed under that section will be promptly remanded to the State court.

6. Circuit Judge Forman concluded in *Goldfarb* that:
    There is no official connection between the act complained of and Davidson's official duties. The mere fact that he was driving a mail truck does not present any federal question or defense under federal law.
        \*   \*   \*   \*   \*   \*

For the reasons stated, we find and conclude that both cases were improvidently removed from the State court and that jurisdiction is not conferred on this Court by § 1442(a)(1), Title 28, United States Code, the only statute of the United States relied upon or cited in the respective petitions for removal.

Accordingly, it is

ORDERED (1) that the State court action and ancillary garnishment proceeding involved in Case No. 76 CV 568–W–1 should be and the same is hereby remanded to the Fourth District Magistrate Court for Jackson County, Missouri, at Kansas City, in order that that court may proceed further with that case in accordance with applicable law. It is further

ORDERED (2) that the State court action and ancillary garnishment proceeding involved in Case No. 76 CV 483–W–1 should be and the same is hereby remanded to the Circuit Court of Jackson County, Missouri at Kansas City, in order that that court may proceed further with that case in accordance with applicable law.

It may well be commendable for the United States Attorney to give legal representation to a faithful government employee in a case of this kind. But it does not follow that the case should on the basis of that employment alone be removed from the state court and the original plaintiff deprived thereby of his choice of a forum. [181 F.Supp. at 47]