Mitchell BREWER et al., Plaintiffs,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al.,
Defendants.

No. C-3-79-368.

United States District Court,
S. D. Ohio, W. D.

Nov. 26, 1980.

(1) the motion of the Department of Housing and Urban Development (HUD), an agency of the United States of America, seeking dismissal of cross claims filed against it by the Defendants Weller Realty, Inc., Mary Lou Ferrara, Hussman Realty Company, and Craig Egbert (cross claimants), for reason that the Court lacks subject matter jurisdiction; (motion one)

(2) the motion of the Defendants Hussman Realty Company and Craig Egbert seeking dismissal of Plaintiffs' claim against them for reason that the Court lacks subject matter jurisdiction; (motion two)

(3) the motion of the Defendant United States Steel Corporation (U. S. Steel) seeking dismissal of Plaintiffs' claim against it for reason that the Court lacks subject matter jurisdiction, and because of the reason stated in the cross claimants' motion; (motion three) and

(4) the motion of the cross claimants seeking dismissal of Plaintiffs' claims against them for reason that same have been extinguished by Plaintiffs' release of claims against HUD; (motion four).

A. J. Wagner, Dayton, Ohio, for plaintiffs.

Robert J. Fogarty, Asst. U. S. Atty., Dayton, Ohio, for HUD.

David C. Greer, Charles Claypool, Dayton, Ohio, for U. S. Steel.

William R. Coen, Dayton, Ohio, for Hussman.

James T. Ambrose, Dayton, Ohio, for Egbert.

DECISION AND ENTRY REMANDING CAPTIONED MATTER TO STATE COURT, UPON COURT'S OWN MOTION, FOR THE REASON THAT THE WITHIN MATTER WAS INCORRECTLY REMOVED; TERMINATION ENTRY

RICE, District Judge.

The captioned cause is before the Court upon four motions, to wit:

## I. BRIEF STATEMENT OF THE CASE

It appears from the amended complaint herein that Plaintiffs purchased a home from the Defendant Egbert, an agent for the Defendant Hussman Realty Company, in turn acting as agent for HUD. It further appears that the Defendant Ferrara, an agent for the Defendant Weller Realty, Inc., in turn acting as agent for HUD, was also involved in the purchase, although the nature or extent of such involvement is not clear from the amended complaint.

It is alleged that prior to the purchase, the home had been declared unfit for habitation by the Montgomery County Health Department due to a structural defect resulting in excessive interior moisture, which causes the formation and growth of mold on interior walls. It is alleged that each of

the above-named Defendants knew or should have known of the defect but failed to disclose same to Plaintiffs at the time of the purchase. It is further alleged that, subsequent to the purchase, HUD assured Plaintiffs that the problem would be corrected, but has since refused to take corrective measures, contrary to such assurances and in breach of other express warranties. Finally, it is alleged that the Defendant U. S. Steel, which constructed the house through a subsidiary, was negligent in the use of improper materials or improper construction techniques.

Plaintiffs demand damages in the amount of $53,955.45, consisting of $23,-510.45 loss on the mortgage on the property, $445.00 in damages to personal property, $5,000 for injury upon constructive eviction, and $25,000 in punitive relief.

Plaintiffs' action was originally filed in state court, but was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) upon petition by HUD. After removal, the Defendants Ferrara and Weller Realty (together) and Egbert and Hussman (individually) answered the amended complaint and cross claimed, including cross claims against HUD for contribution on any liability they may have to Plaintiffs. The Defendant U. S. Steel answered the amended complaint without cross-claim.

Before the pleadings closed, Plaintiffs settled their claims against HUD, and Plaintiffs and HUD caused an "Agreed Entry" to be filed herein (docket # 10) concerning the settlement. In substance, the entry acts to dismiss Plaintiffs' claims against HUD with prejudice, and bars HUD from pursuing any deficiency in the mortgage on the subject property.

## II. PRELIMINARY JURISDICTIONAL QUESTION

█ The effect of the "Agreed Entry" filed by Plaintiffs and HUD on the claims and cross claims remaining in this action, is central to, or a part of, the questions raised by each of the four motions presented. The motions also raise certain jurisdictional questions. However, before proceeding to disposition of the motions (or in lieu thereof), the Court makes a threshold jurisdictional inquiry into the propriety of the removal effected herein upon HUD's petition.

HUD's petition for removal asserts that 28 U.S.C. § 1442(a)(1) provides authority for such removal. However, that section states:

> (a) A civil action ... commenced in a State court against any of the following persons may be removed by:
>
> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office. . . .

It has been consistently held that the plain meaning of

> [s]ection 1442(a)(1) confers the right of removal only upon officers of the United States and officers of any agency of the United States [and] that no "agency" of the United States has any right of removal under Section 1442(a)(1).

*KCPO Employees Credit Union v. Mitchell*, 421 F.Supp. 1327, 1330 (W.D.Mo.1976). *See also, California v. Bozarth*, 356 F.Supp. 667 (N.D.Cal.1973); *Lance Int'l., Inc. v. Aetna Cas. & Surety Company*, 264 F.Supp. 349 (S.D.N.Y.1967). *See generally*, 1A *Moore's Federal Practice* ¶ 0.164[1] at p. 301 n. 15 (1974 & 1980 Supp.)

Where, as herein, removal is effected solely upon petition by an *agency* of the United States, rather than by a *federal officer* defendant in the state proceeding, the removal is improvident. In such case, the jurisdiction of the federal district court is not perfected and the action must be remanded to the state court wherein it originated. 28 U.S.C. § 1447(c); *Mitchell, supra* at 1331.

For the forestated reason, this Court lacks "removal jurisdiction" over the present cause. Therefore, upon its own motion * pursuant to Civil Rule 12(h)(3), the

---

* The propriety of the Court's raising the jurisdictional threshold question upon its own motion is beyond question, since "the first order of business is for the federal court to determine its own jurisdiction." 1A *Moore's Federal Practice*, ¶ 0.169(1), at p. 557.

Court orders the case remanded to the Common Pleas Court of Montgomery County, pursuant to 28 U.S.C. § 1447(c)–(d).

The Office of the Clerk of the United States District Court for the Southern District of Ohio, Western Division (Dayton) is ordered to mail a certified copy of this Order to the Clerk of the Common Pleas Court of Montgomery County, Ohio, from which Court this case was removed.

Costs in this Court are taxed against the party who improvidently removed this action from the State Court, to wit: The Department of Housing and Urban Development.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Although the captioned cause has been terminated in this Court by virtue of the remand, the Court will, in the interest of completeness, as an advisory opinion, deal with motion one *as if same were still viable,* since that motion deals solely with questions of federal court jurisdiction. However, this Court will *not* deal with motions two, three and four, since the subject of said motions may well arise anew in State Court, and to rule upon same would be to make an advisory, non-binding opinion to a State trial judge.

### III. HUD'S MOTION TO DISMISS CROSS CLAIMS AGAINST IT

■ In substance, HUD's motion seeking dismissal of the several cross claims against it, pursuant to Civil Rule 12(b)(1), is predicated on the proposition that a district court lacks subject matter jurisdiction over a claim against the United States (or its agencies) unless there is an affirmative statutory grant of jurisdiction and there is a waiver of sovereign immunity. Strictly speaking, however, the immunity defense available to the sovereign does not necessarily present, and should not be confused with the question of subject matter jurisdic-

tion. *KCPO Employees Credit Union v. Mitchell,* 421 F.Supp. 1327 (W.D.Mo.1976); 1A *Moore's Federal Practice* ¶ 0.169[1] at 558 n. 15. The district court may have the power to adjudicate a claim against the sovereign under its general federal question jurisdiction, just as the court might equally have jurisdiction in an action against any other legal entity; but the court must find that such claim is not viable unless the sovereign has consented to be sued in that court in the same manner as another legal entity. Conversely, the sovereign may consent to be sued in a given case, but the district court may lack subject matter jurisdiction over the otherwise viable claim if no substantial federal question is presented, diversity is wanting, and no other statutory jurisdictional predicate is applicable.

Thus, the question of subject matter jurisdiction in an action against the sovereign does not raise *per se* a question of sovereign immunity. Where, however, as is often the case, a statutory waiver of immunity and an associated jurisdictional grant are drafted so that their operation is interdependent, then the question of jurisdiction may suggest the bar of immunity by virtue of such interdependence. This is the basis of HUD's first challenge to this Court's jurisdiction over the cross claims against it. Of special relevance, herein, are the parameters of the waiver of sovereign immunity under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, and the extent of the associated jurisdictional grant in 28 U.S.C. § 1346(b), wherein jurisdiction is expressly given "subject to the provisions" of the FTCA.

■ As HUD correctly contends, this Court cannot exercise jurisdiction over the cross claims against it under section 1346(b). The FTCA retains the sovereign's immunity with respect to "any claim arising out of ... misrepresentation," 28 U.S.C. § 2680(h), whether such misrepresentation is intentional or negligent, *Fitch v. United States,* 513 F.2d 1013 (6th Cir.), *cert. denied,* 423 U.S. 866, 96 S.Ct. 127, 46 L.Ed.2d 95 (1975),

and whether it is the essence of the claim or merely a part thereof, *Bor-Son Bldg. Corp. v. Heller,* 572 F.2d 174 (8th Cir. 1978). It is clear from the amended complaint that Plaintiffs' claims against the cross claimants, for which HUD might be liable in contribution on the cross claims, are limited to allegations of misrepresentation on the part of the cross claiming Defendants as joint tortfeasors with HUD. Thus, HUD is immune from liability on the cross claims under the FTCA, and jurisdiction, therefore, does not obtain under section 1346(b) because the grant of jurisdiction therein is only coextensive with the waiver of immunity under the FTCA.

But this does not dispose of HUD's motion. As HUD acknowledges, this Court may have subject matter jurisdiction over the cross claims pursuant to section 1346(a)(2), if the cross claims are based on an express or implied-in-fact contract with the United States, and the cross claims do not exceed $10,000 in amount. Furthermore, as the cross claimants point out, the Court may have subject matter jurisdiction over the cross claims pursuant to 28 U.S.C. § 1331(a) if a substantial federal question is presented. If it is determined that the Court has jurisdiction on either of these bases, then the wholly independent question of sovereign immunity must be addressed.

■ Section 1346(a)(2) cannot stand as the source of jurisdiction in the present case. Even if the cross claims are based on a contract for contribution from the United States (which is highly unlikely under any *reasonable* construction of the cross claims as pleaded, and also in view of the ordinary derivation of the right to contribution in equity rather than contract, *see* 18 Am. Jur.2d *Contribution* § 1 at p. 7), such claims must either exceed $10,000 in individual amount or be nonexistent, depending upon the effect of the "Agreed Entry" upon Plaintiffs' claims against the cross-claimants (which is discussed in connection with the cross claimants' motion, below). That is, Plaintiffs' claims against the cross claimants, for which contribution is sought from HUD, may have been unaffected by Plaintiffs' release of HUD (in which case, the cross claims are for $53,955.45), may have been reduced by the amount of the mortgage on Plaintiffs' property (leaving cross claims of $30,445.00), or may have been totally extinguished (rendering the cross claims unviable). Absent a waiver by cross claimants of any right to contribution exceeding $10,000, and absent a stipulation regarding HUD's proportionate degree of liability such as would prevent the cross claimants' right to contribution from exceeding $10,000, the claims for contribution if at all viable must exceed the threshold permitted under section 1346(a)(2).

■ Although there is a split of authority on certain of the legal issues involved, this Court further concludes that section 1331(a) also fails to provide jurisdiction over the cross claims herein. There is one line of authority which suggests that the position of the government as a defendant in a contract action necessarily denotes the existence of a substantial federal question, because contract claims against the government are necessarily resolved upon principles of the federal common law of contracts. *Ghent v. Lynn,* 392 F.Supp. 879 (D.Conn.1975). Under this theory, section 1331(a) supplements section 1346(a)(2) for contract claims exceeding $10,000, and grants the district court jurisdiction, concurrent with the Court of Claims, over such actions. The better reasoned position, however, is that Congress intended the Court of Claims to have exclusive jurisdiction over contract claims against the United States exceeding $10,000, by virtue of the combined operation of section 1346(a)(2) and 28 U.S.C. § 1491 (Court of Claims jurisdiction, identical to section 1346(a)(2) but without monetary limitation). *See, e. g., Molton, Allen & Williams, Inc. v. Harris,* 436 F.Supp. 853 (D.D.C.1977). Under this theory, the district court does not have jurisdiction over contract claims against the government exceeding $10,000, under section 1331(a), unless a substantial federal question is presented by predicating such claims on "equitable rights generated by [the government's] course of activities pur-

suant to federal statutes" (which would include, *inter alia*, the contract nominally sued upon) such that the claim of right is thereby rendered "dependent on federal common law." *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 377 (D.C.Cir.1976).

In the present case, if the cross claimants' cause against HUD is based on an express or implied-in-fact contract for contribution with the United States, then it is nothing more than a simple contract claim which, under the better view, falls within the exclusive jurisdiction of the Court of Claims. *Molton, Allen & Williams, Inc., supra* at 857. On the other hand, if the right to contribution claimed herein arises in equity (as is normally the case) then, indeed, it may be said to have been generated by the governments' "course of activities," perhaps "pursuant to federal statutes." But in such case, a substantial federal question is still not presented because equitable contribution, *even against the federal government*, is solely a matter of state law. *Cf. Certain Underwriters at Lloyd's v. United States*, 511 F.2d 159, 161 (5th Cir. 1975). Thus, whether cross claimants' alleged right to contribution is contractual or equitable, this Court concludes that section 1331(a) does not confer jurisdiction upon it to adjudicate such right.

If the Court were to have determined that the present cause was properly removed from state court (contrary to the conclusion suggested in II above) and also were to have determined that it has jurisdiction over the cross claims under either section 1346(a)(2) or 1331(a) (contrary to the discussion immediately above), then it would proceed to consider the defense of sovereign immunity as raised by HUD's motion. Simply stated, the defense does not affirmatively and conclusively appear from the record at this stage of the proceedings.

It is provided in 12 U.S.C. § 1702 that "[t]he Secretary [of HUD] shall, in carrying out [certain] provisions . . . of this chapter, be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." With cer-

tain limitations, "sue and be sued" clauses in statutes creating federal agencies are construed as general waivers of immunity by such agencies. *See R.F.C. v. Menehan Corp.*, 312 U.S. 81, 61 S.Ct. 26, 85 L.Ed. 397 (1941); *F.H.A. v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940). The limitations pertaining to the general section 1702 waiver suggest factors which might weigh against a determination that HUD's immunity has been waived with respect to this case (e. g., was HUD "carrying out" its duties when it incurred the liability alleged herein, *Burr, supra* at 248, 60 S.Ct. at 492, and would recovery against HUD merely create a conduct for recovery against the United States, which has not waived its immunity, *Dugan v. Rank*, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963)). However, the facts necessary for a determination in favor of the movant, HUD, with respect to these limitations and their application in the present case, are not fully developed and do not conclusively appear from the cross claims. Therefore, if the Court would have reached HUD's motion and concluded that it has subject matter jurisdiction over the cross claims against HUD (under either section 1346(a)(2) or 1331(a)), then it would further construe HUD's motion for dismissal under Rule 12(b)(1) as one for dismissal under Rule 12(b)(6) and determine (in view of 12 U.S.C. § 1702) that the defense of sovereign immunity is not affirmatively disclosed.

For the forestated reasons, this Court would conclude that it lacks subject matter jurisdiction over the cross claims against HUD under either section 1346(b), 1346(a)(2), or 1331(a); therefore, HUD's motion seeking dismissal pursuant to Rule 12(b)(1) would be well taken and sustained (assuming that the matter was not remanded as suggested in II above). [If, however, the Court had determined that it had subject matter jurisdiction under either section 1346(a)(2) or 1331(a), then it would further conclude that the defense of sovereign immunity is not affirmatively disclosed by the cross claims against HUD; on this basis, HUD's motion would be construed as seek-

ing dismissal pursuant to 12(b)(6), would not be well taken, and same would be over-ruled.]

## V.  CONCLUSION

WHEREFORE, based upon the reasoning stated in II, above, the Court, finding that the captioned cause was improvidently removed from State Court, upon its own motion orders that the within case be remanded to State Court pursuant to 28 U.S.C. § 1447(c).

Costs to be paid by the Department of Housing and Urban Development.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.