**W–V ENTERPRISES INC. and E. Michael Wayland, Plaintiffs,**

**v.**

**NORTH KANSAS SAVINGS ASSOCIATION, Defendant.**

Civ. A. No. 85–2568–S.

United States District Court,
D. Kansas.

Jan. 30, 1986.

Anne L. Baker, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for plaintiffs.

Edward C. Hageman, Hageman & Hageman, Stockton, Kan., for Third-Party Stakeholder Homequity.

---

**1262**

Frank Hahn, Hahn & Hahn, Phillipsburg, Kan., for Pam and Jeffrey Ditgen.

Mark W. McGrory, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., P. John Owen, Nancy L. Shelledy, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion to remand this action to the District Court of Phillips County, Kansas, for the reason that this court lacks original jurisdiction.

On July 30, 1982, plaintiffs received a judgment against defendant in the District Court of Geary County, Kansas. This judgment was registered in Phillips County, Kansas, and has not been satisfied. Defendant was the mortgagee of real property located in Phillips County, Kansas. On November 19, 1982, the Federal Home Land Bank Board appointed the Federal Savings and Loan Insurance Corporation [hereinafter FSLIC] as receiver for defendant. On or about November 15, 1984, the FSLIC assigned the mortgage to the Mid-Continent Federal Savings and Loan Association of El Dorado, Kansas.

In 1985, Pam and Jeffrey Ditgen desired to purchase said realty from Homequity. A title opinion showed a judgment lien in favor of plaintiffs W–V Enterprises, Inc. and E. Michael Wayland. On October 3, 1985, third-party stakeholders Homequity and Pam and Jeffrey Ditgen, paid into the District Court of Phillips County, Kansas, pursuant to the order of the court, an amount sufficient to satisfy the mortgage against the real estate. At that time, the court ordered that plaintiffs' judgment lien be released. The funds paid into the District Court of Phillips County, Kansas, are now claimed by both the plaintiffs, in satisfaction of their judgment lien, and defendant FSLIC as receiver for North Kansas Savings Association.

Prior to a hearing on this action in the Phillips County District Court, FSLIC re-moved the case to the United States District Court for the District of Kansas pursuant to its right of removal under 12 U.S.C. 1730(k)(1) and 28 U.S.C. 1441 and 1442. FSLIC claims that by virtue of its status as an agency of the federal government, it had a right to remove this action to federal court pursuant to 28 U.S.C. 1442.

Plaintiffs oppose defendant's claim of jurisdiction stating that the FSLIC is acting solely as a receiver and that its rights and plaintiffs' rights arise solely under state law. Plaintiffs further state no federal question or issue arising under federal law is raised in this case.

After a review of the statutes cited by defendant as authority for removal, and the case law interpreting these statutes, the court finds that it has no jurisdiction under the facts as presented. The court finds that plaintiffs' arguments and cited case law are persuasive.

This court finds that it has no authority pursuant to 28 U.S.C. 1442, which allows removal by an *officer* of the United States or agency thereof if a civil action has been commenced in state court. The court's interpretation of the statute limits the power of removal solely to officers of the United States rather than agencies. Further, the court finds that the cases cited by defendant in support of jurisdiction pursuant to § 1442(a) can be distinguished from the case at hand. In each of these cases, the court was dealing with an officer of the agency, rather than solely with the agency itself.

The court finds the decision in *Brewer v. Dept. of Housing & Urban Development,* 508 F.Supp. 72 (S.D.Ohio 1980), controlling. In *Brewer,* the court stated that it had been consistently held that the meaning of "[s]ection 1442(a)(1) confers the right of removal only upon *officers* of the United States and *officers* of any agency of the United States [and] that no 'agency' of the United States has any right of removal under Section 1442(a)(1)." *Id.* at 74 (emphasis added) (*citing KCPO Employees Credit Union v. Mitchell,* 421 F.Supp.

1327, 1330 (W.D.Mo.1976)). The court found in *Brewer* that removal was affected solely upon the petition of an agency of the United States, rather than by a federal officer defendant in the state proceeding, and that, as such, removal was improvident. *Id.* Accordingly, the court in this case finds that jurisdiction cannot be claimed by the FSLIC by virtue of 28 U.S.C. 1442(a)(1).

■ The court will now look at defendant's jurisdictional claim pursuant to 12 U.S.C. 1730(k)(1). In pertinent part, 12 U.S.C. 1730(k)(1) provides:

> (B) any civil action, suit, or proceeding to which the Corporation [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district and division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect: *Provided*, That any action, suit, or proceeding to which the Corporation is a party in its capacity as ... receiver ... of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall *not* be deemed to arise under the laws of the United States....

*Id.* (emphasis added).

Plaintiffs claim that the FSLIC is acting solely as a receiver in the case at issue, and that the only rights involved are the rights of plaintiffs' creditors. In response, defendant argues that the provision in the statute operates to bar removal only where both of two conditions exist: (1) where the FSLIC is a party only in its capacity as a receiver of a state-chartered institution, and (2) where the rights solely of creditors in the institution under state law are involved. Defendant concedes that the FSLIC is acting as a receiver of North Kansas Savings Association. It argues, however, that not only the rights of creditors and the institution are at issue here, but a challenge to the FSLIC as receiver and its distribution of assets are involved. Defendant therefore contends a federal question is raised as to whether that the exercise of the receiver's powers and its authority to distribute assets pursuant to 12 U.S.C. 1464(d)(6)(C) have been violated. The FSLIC also contends that a challenge to its distribution of assets pursuant to 12 U.S.C. 1729(d) and 12 C.F.R. 549.3 is involved.

The court finds the decision in *Hancock Financial Corp. v. FSLIC*, 492 F.2d 1325 (9th Cir.1974), instructive on this issue. In *Hancock*, the FSLIC also argued that a federal question was raised as to the FSLIC's duties to liquidate the association's assets in an orderly manner. The court refuted the FSLIC's position, stating that § 1729(d) provides that "[i]n connection with the liquidation of insured institutions in default, the Corporation shall * * * [be] subject *only* to the regulation of the court or other public authority having jurisdiction over the matter." *Id.* at 1327 (emphasis in original). The court in *Hancock* stated that since the superior court of the county appointed the FSLIC as receiver, the FSLIC was subject only to the regulation of that court, and therefore the question of what constitutes an orderly liquidation must be litigated in that court in accordance with state law.

Similarly, the court finds that in the instant case the FSLIC is subject only to the regulation of the District Court of Phillips County, Kansas, and that the issue involved in this case must be litigated in that court in accordance with state law. The court finds that it has no original jurisdiction to hear the cause of action. The reasoning of the United States Court of Appeals for the Ninth Circuit in *Hancock* is clearly applicable to the case at hand. In that case, the court argued that where the FSLIC acts as a receiver the FSLIC would argue that, since it has a duty to liquidate assets in an orderly manner, a question of

federal law is raised in each and every case. *Id.* at 1327–28. The court found that if such logic were accepted, the provision in § 1730(k)(1) would be rendered a nullity. The court found that Congress intended no such result. *Id.* The court therefore finds in the instant case that the FSLIC is barred by the first proviso clause of 12 U.S.C. 1730(k)(1).

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion to remand this cause of action to the District Court of Phillips County, Kansas, is hereby granted, and this matter shall be remanded to the District Court of Phillips County, Kansas.