Morris H. Fine, Norfolk, Va. (Howard James Marx, Fine, Fine, Legum & Fine, Norfolk, Va., on brief), for appellant.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

PER CURIAM:

The Virginia courts have entered judgments for the plaintiff-appellant, Mrs. Cecelia Stephens, against her former husband and against the Navy for failing to pay over to her garnisheed sums otherwise payable to him. The debts were properly garnisheed under 42 U.S.C. § 659. The Navy has refused to pay over the monies, however, because a Tennessee court, at the former husband's request, issued an injunction barring the United States from releasing payments to Mrs. Stephens.

Still seeking relief, Mrs. Stephens has now sued in federal court to enforce her Virginia court judgments. Section 659, however, does not confer federal jurisdiction. *See* 42 U.S.C. § 660 (part of the same statutory scheme specifically providing for federal jurisdiction in other circumstances). And jurisdiction does not lie under 28 U.S.C. § 1346(a)(2) since § 659 merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action. *Cf. Gully v. First Nat'l Bank,* 299 U.S. 109, 116, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

We affirm the district court's dismissal of the complaint for want of jurisdiction.

We anticipate, however, that the government will move swiftly to resolve this dispute by instituting an interpleader action in federal court. *See* 28 U.S.C. § 1335. *See also Stephens v. United States Department of Navy,* 586 F.2d 844 (6th Cir. 1978) (Order).

AFFIRMED.

Cecelia C. STEPHENS, Appellant,

v.

UNITED STATES DEPARTMENT OF the NAVY, Appellee.

No. 77–2621.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1978.

Decided Jan. 4, 1979.