**CITY OF ALMA, Plaintiff,**

v.

**BELL, GALYARDT & WELLS, INC., a/k/a Bell, Galyardt & Associates, Inc., et al., Defendants.**

**BELL, GALYARDT & ASSOCIATES, Defendant and Third-Party Plaintiff,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., Third-Party Defendants.**

**No. CV 83–0–568.**

United States District Court, D. Nebraska.

April 24, 1985.

---

McKelvie & McNally, Thomas P. McNally, Alma, Neb., and Tye, Worlock, Tye, Taylor & Hopkins, Joan Munn Hopkins, Kearney, Neb., and Stehlik, Smith, Trustin, Schweer & Ruder, Frederick D. Stehlik, Omaha, Neb., for plaintiff.

Thomas J. Guilfoyle, Thomas J. Guilfoyle, P.C., Omaha, Neb., for Bell, Galyardt & Wells, Inc.

Paul L. Douglas, Atty. Gen., John Boehm, Asst., Lincoln, Neb., for Nebraska Dept. of Environmental Control.

Jeffrey W. Meyers, Frost & Meyers, Omaha, Neb., for Nebraska Testing Laboratories, Inc.

Douglas R. Semisch, Asst. U.S. Atty., and Joan M. Bernott, Spec. Litigation Counsel, Environmental Defense Section, Land and Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for third-party defendants.

## ORDER

BEAM, District Judge.

This matter is before the Court upon the second motion of the third-party defendant, the United States to dismiss (filing 58) for failure to state a claim; the motion for summary judgment (filing 50) of the defendant and third-party plaintiff Bell, Galyardt & Wells, Inc.; and the motion for summary judgment (filing 51) of defendant Nebraska Testing Laboratories, Inc. This Court, after a review of the files and briefs submitted, finds that this Court shall upon its own motion remand this case to state court for the reason that the matter was

incorrectly removed and, as a result, this Court lacks subject matter jurisdiction over the primary case. In addition, the motion to dismiss of the United States should be granted, not because the third-party complaint fails to state a claim,[1] but rather for the reason that this Court lacks jurisdiction.

Plaintiff's action was originally filed in state court. In the state court, the plaintiff sued the United States Environmental Protection Agency (EPA), the Nebraska Department of Environmental Control, Nebraska Testing Laboratories, Inc. (Nebraska Testing), and Bell, Galyardt & Wells, Inc. (Bell). The United States, pursuant to 28 U.S.C. §§ 1441 *et seq.*, removed the action to United States District Court. The EPA was then dismissed because this Court lacked subject matter jurisdiction over it as a party. However, this Court retained jurisdiction based on 28 U.S.C. § 1442(a)(1) of the remainder of the case (filing 15). Bell impleaded as third-party defendant the United States. The United States filed two motions to dismiss for failure to state a claim. It was during examination of the second of these motions, that this Court had cause to again examine the issue of its subject matter jurisdiction and as a result found itself to be without jurisdiction of any part of the matter.

Since there exists neither diversity of parties nor a federal question to confer jurisdiction, the only basis this Court could have for jurisdiction is if the case was properly removed by a federal defendant pursuant to an applicable federal statute. Such is not the case.

Section 1447(c), Title 28, United States Code, imposes the duty on all district courts to remand any case "if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c). *See KCPO Employees Credit Union v. Mitchell*, 421 F.Supp. 1327, 1328 (D.Mo.1976). This case was not properly removed pursuant to either 28 U.S.C. §§ 1441(a) or 1442(a)(1).

### I.

■ Removal under subsection 1441(a) was improper. The subsection provides:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (1980). This subsection is further complemented by subsection (c);

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c). "As the statute indicates, to be removable a case must be within the original jurisdiction of the federal court." *Lowe v. Norfolk & W. Ry. Co.*, 529 F.Supp. 491, 496 (D.Ill.1982).

As the plaintiff has conceded, the claim against the EPA should have been brought directly against the United States, exclusively in a federal court. It should have been filed in either a federal district court as a tort claim[2] under 28 U.S.C. § 2674, or

---

1. The third-party action may well be susceptible to a timely motion for summary judgment supported by the evidentiary matters permitted by *Fed.R.Civ.P.* 56. However, under the standards applicable in this Circuit, dismissal pursuant to *Fed.R.Civ.P.* 12(b)(6) is not appropriate. *See, e.g., Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).

2. Jurisdiction over federal torts claims lies under 28 U.S.C. § 1346, which provides in relevant part:

Subject to the provisions of Chapter 171 of this title, the district courts ... shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property or person-

in the Court of Claims as a contract claim under 28 U.S.C. § 1491.[3] *Compare* 28 U.S.C. § 1346 with 28 U.S.C. § 1491.

Whether the plaintiff's claim against the EPA sounds in tort or contract, exclusive jurisdiction is vested in the federal courts. 28 U.S.C. §§ 1346 and 1491. The District Court of Harlan County, Nebraska, had absolutely no subject matter jurisdiction over the suit against the EPA. As a result, since removal jurisdiction under section 1441(a) is derivative in character, this Court acquired no jurisdiction. As Justice Brandeis stated,

> As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction.

*Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). *See Gleason v. United States*, 458 F.2d 171, 173–74 (3d Cir.1972); *Martinez v. Seaton*, 285 F.2d 587 (10th Cir.1961), *cert. denied*, 366 U.S. 946, 81 S.Ct. 1677, 6 L.Ed.2d 856 (1961); *see also, Lowe*, 529 F.Supp. at 497; *Fruin-Colnon v. M.G. Transport Serv.*, 79 F.R.D. 674 (D.Ill.1978); *Schultz v. Director, Fed. Emergency Management Agency*, 477 F.Supp. 118 (D.Ill.1979).

## II.

Defendants Bell and Nebraska Testing contend that removal was otherwise appropriate under 28 U.S.C. § 1442(a)(1). For support, the defendants rely on the case of *IMFC Professional Services, etc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152 (5th Cir.1982). However, a closer look at 28 U.S.C. § 1442(a)(1), the above case, and the posture of the case at bar, results in this Court holding that section 1442(a)(1) provides no jurisdiction for removal of this case.

Section 1442(a)(1), Title 28, United States Code, the federal officer removal statute provides that:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office ...

The defendants' argument that this case was properly removed is premised on the notion that "any agency" of the United States has a right under section 1442(a)(1) to remove a civil action pending in a state court any time it is sued in state court. However, this notion is not supported by the majority of the federal courts who have considered the question.

Here, if any cause of action exists, the United States, not the EPA, was the proper party to have been sued by the plaintiff. No officer of the United States or officer of a government agency was ever properly before the state court. The petition for removal shows on its face that removal

___

al injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis supplied).

**3.** Jurisdiction over contract claims exceeding $10,000.00 lies exclusively in the Court of Claims under 28 U.S.C. § 1491 which provides in relevant part:

> The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States...

28 U.S.C. § 1491.

was sought by the United States, not by a federal officer or any agency of the United States. Therefore, as a matter of fact, neither federal officer nor federal agency removed the case.

■ In addition, even if an agency of the United States had removed this case pursuant to section 1442(a)(1), this Court is in agreement with the courts that have found that section 1442(a)(1) cannot be read as conferring a right of removal on "any agency" of the United States. It has been usual to hold that the plain meaning of

> [s]ection 1442(a)(1) confers the right of removal only upon officers of the United States and officers of any agency of the United States [and] that no "agency" of the United States has any right of removal under Section 1442(a)(1).

*Brewer v. Department of Housing and Urban Dev.*, 508 F.Supp. 72, 74 (D.Ohio 1980). *See also, Lowe,* 529 F.Supp. at 493–95, *KCPO Employees Credit Union*, 421 F.Supp. at 1330. *See also, California v. Bozarth,* 356 F.Supp. 667 (N.D.Cal.1973); *Lance Int'l., Inc. v. Aetna Cas. & Sur. Co.,* 264 F.Supp. 349 (D.N.Y.1967). *See generally,* 1A *Moore's Federal Practice* ¶ 0.164[1] at p. 301 n. 15 (1974 and 1980 Supp.) Section 1442(a)(1) is by its language unavailable to the EPA or the United States as authority for removal, since the EPA was sued only as an agency and no recovery is sought from individual officials. *Lowe,* 529 F.Supp. at 493.

The United States Supreme Court has discussed the reasons underlying the Court's removal jurisdiction in actions involving officers of the United States or officers of agencies of the United States government. The Court stated:

> ... Historically, removal under § 1442(a)(1) and its predecessor statutes was meant to ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties. The act of removal permits a trial upon the merits of the state-law question free from local interests or prejudice. It also enables the defendant to have the validity of his immunity defense adjudicated in a federal forum. For these reasons, this Court has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." (Citation omitted).

*Arizona v. Manypenny,* 451 U.S. 232, 241–42, 101 S.Ct. 1657, 1664–65, 68 L.Ed.2d 58 (1981). The admonishment that the statute is not to be given a narrow interpretation is directed at construing what constitutes actions under the color of federal office, not directed at expanding the statute to allow removal by federal agencies. *Lowe,* 529 F.Supp. at 491.

"This makes sense, since Congress has already provided ample protection against tort suits [and contract suits] for its agencies and the entire government in the Federal Torts Claims Act, [the Tucker Act], and any other claims which could be brought in state court are barred by sovereign immunity." *Lowe,* 529 F.Supp. at 494. On the other hand, without the 1442(a)(1) a federal officer acting under color of federal office might not be able to adjudicate his or her defenses in a federal court unless there existed other grounds for removal. Such is not the case with federal agencies. Other legislation aptly channels actions against agencies into federal forums.

The cases cited by the defendants Nebraska Testing and Bell in support of their contentions are distinguishable. The case of *IMFC Professional, etc.* was removed by Health and Human Services (HHS) after it intervened in the state court proceeding. HHS contractually stood in the shoes of a federal official [Aetna] who had been acting directly under the administrator of HHS. *Id.* at 155–56. That official could have removed the action under 28 U.S.C. § 1442. To the extent IMFC makes the bare statement, "the only prerequisite to removal of a civil action under § 1442 is that is be brought against a federal officer or agency," if such language is construed to include the agency as an entity or as the

alter ego of the United States, this Court simply disagrees. *Id.* at 156.

In the case of *SS Silberblatt, Inc. v. East Harlem Pilot Block,* 608 F.2d 28, 31 (2nd Cir.1979), it was the Secretary of the United States Department of Housing and Urban Development that removed the action, not an agency. Likewise, *Bushman v. Seiler,* 755 F.2d 653 (8th Cir.1985), offers little support for the contention section 1442(a)(1) provides blanket removal for any federal agency sued in state court. From the brief facts recited, it appears that General American Life Insurance Company was allowed to remove the action to federal court pursuant to section 1442(a)(1) since it was a medicare carrier for the Department of Health and Human Services. 42 C.F.R. § 421.5(b) (1983) requires indemnification by the administrator of HHS. *Bushman* 655, n. 2. That action, again, was properly removed by an officer of an agency. *Id.* at 655. *See also Group Health Inc. v. Blue Cross Ass'n,* 587 F.Supp. 887, 891 (D.N.Y. 1984) (HHS fiscal intermediary is a "federal officer" for removal under 28 U.S.C. § 1442(a)(1) (1982).

Granted, the *IMFC* case was cited by the Eighth Circuit in *Bushman.* However, it was cited for the proposition that retention of a case after the federal defendant was dismissed is proper in certain circumstances. *Bushman* at 655. It appears that the Eighth Circuit holds that jurisdiction can be retained if in fact federal removal was proper *and* federal law is determinative of the suit against the remaining defendants [emphasis added]. As already stated, because of special statutory provisions the administrator of HHS is the real party in interest in medicare carrier cases like *IMFC* and *Bushman.*

The cases certainly are distinguishable from the plaintiff, City of Alma, suing the EPA. The plaintiff sued the EPA, not some administrator or other official. Furthermore, and most importantly, in the case at bar the United States is the real party in interest if any federal party is a proper defendant. Additionally, once the EPA was dismissed, state law, not federal law, became determinative of the suit against defendants Bell and Nebraska Testing.

III.

In conclusion, removal under either 28 U.S.C. § 1442(a) or § 1442(a)(1) was inappropriate in this action. The jurisdiction of the federal district court is not perfected and the primary action must be remanded to the state court wherein it originated. 28 U.S.C. § 1447(c). Where, however, the state court has no jurisdiction over that part of the primary action involving the EPA, this Court has no power to remand but is obligated to dismiss the EPA outright. This the Court has already done (filing 10). *Lowe,* 529 F.Supp. at 497. *See Areskog v. United States,* 396 F.Supp. 834 (D.Conn.1975).

Furthermore, because this Court never had jurisdiction under a removal statute over the primary action, the United States was not properly impleaded under *Fed.R. Civ.P.* 14. Thus, the provision of 28 U.S.C. § 2675 that waives submitting claims against the United States for administrative consideration is inapplicable. No jurisdiction is conferred over the subject matter of the third-party complaint or defendant, the United States. Therefore, both the third-party complaint and the United States must be dismissed. For future reference, if defendants in the primary action wish to sue the United States such action must be brought exclusively in the proper federal court upon compliance with the requirements of the appropriate statutes waiving sovereign immunity and in compliance with administrative prerequisites to filing suit against the United States. *See Kennelly, United States in Third-Party Actions in Certification Cases,* 17 The Forum 556, 560–61 (1982). This Court is without jurisdiction to decide the motions for summary judgment of defendants Bell and Nebraska Testing (filings 50 and 51). Such motions must be resolved in the state court.

Accordingly,

IT IS ORDERED that the United States' motion to dismiss (filing 58) the third-party complaint is granted for the reasons given

above. The United States should be and hereby is dismissed from this lawsuit.

IT IS FURTHER ORDERED that this Court's order (filing 15) finding this case was properly removed pursuant to 28 U.S.C. § 1442(a)(1) should be and hereby is vacated.

IT IS FURTHER ORDERED that this Court's order (filing 10) is reaffirmed. The defendant EPA was properly dismissed from this lawsuit for want of subject matter jurisdiction.

IT IS FURTHER ORDERED that the entire remaining action should be and hereby is remanded to the District Court of Harlan County, Nebraska.