646 F.Supp. 219 (1986)
John L. WOODWARD, etc., Plaintiffs,
v.
Thomas K. TURNAGE, etc., Defendants.
No. 86-0830C(1).
United States District Court, E.D. Missouri, E.D.
October 24, 1986.
*220 John L. Woodward, Woodward & Rohrer, Steelville, Mo., for plaintiffs.
Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This matter is now before the Court on defendant's motion for summary judgment. The Court finds that defendant removed this action to federal court improvidently. Therefore, the action is remanded to state court. Defendant's motion for summary judgment is denied as moot.
Bobby C. Bolling, a veteran, was hospitalized at Farmington State Hospital in Farmington, Missouri. The Veterans Administration suspended Bolling's veterans benefits pursuant to 38 U.S.C. § 3203(b)(1). After Bolling died, the Veterans Administration filed a claim in the Probate Division of the Circuit Court of Crawford County, Missouri, against the Estate of Bobby C. Bolling for $479.20. John L. Woodward, the Personal Representative of the Estate of Bobby C. Bolling, Deceased, denied the Veterans Administration's claim. Woodward filed a counterclaim against the Veterans Administration in the Probate Division for an unspecified sum of money contending that the Veterans Administration improperly suspended Bolling's veterans benefits under 38 U.S.C. § 3203(b)(1). On its own initiative, the Veterans Administration substituted Thomas K. Turnage, Administrator of Veterans Administration, for itself as defendant. Thomas K. Turnage then removed the action to the United States District Court pursuant to 28 U.S.C. § 1441 and § 1442(a)(1).
Defendant filed a motion for summary judgment contending that the Veterans Administration properly suspended Bolling's veterans benefits pursuant to 38 U.S.C. § 3203(b)(1). In addition, defendant contends that the Veterans Administration did not waive sovereign immunity in state court. Defendant contends that this deprived the state court of subject matter jurisdiction. Thus, defendant contends that plaintiff's claim should be dismissed for lack of derivative federal removal jurisdiction.[1]
The Court declines to decide whether defendant's sovereign immunity deprived the state court of subject matter jurisdiction. Likewise, the Court declines to decide whether it lacks derivative federal removal jurisdiction. However, the Court finds that, for other reasons, removal was not proper under either 28 U.S.C. § 1441 or § 1442(a)(1). Therefore, the Court remands this action to the state court.

Subject Matter Jurisdiction
Plaintiff's claim against the defendant is a claim for veterans benefits. 38 U.S.C. § 211(a) provides:
On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States *221 shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
Section 775 and § 784 involve suits under Chapter 19, Insurance, § 701 et seq. Chapter 37, § 1801 et seq., involves Home, Condominium, and Mobile Home Loans.
Except for constitutional cases, 38 U.S.C. § 211(a) bars federal courts from considering the propriety of the decisions of the Veterans Administration regarding veterans benefits. Johnson v. Robison, 415 U.S. 361, 367, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1974). Federal district courts do not have subject matter jurisdiction to review the Veterans Administration's denial of a claim for benefits. Taylor v. United States, 642 F.2d 1118 (8th Cir.1981); Carter v. Cleland, 643 F.2d 1 (D.C.Cir. 1980).[2] Decisions of the Veterans Administration Board of Veterans' Appeals under 38 U.S.C. § 4001 et seq. are not subject to judicial review in federal court.

Removal
An action is removable to federal court pursuant to § 1441 only if it might have been brought in federal court originally. C. Wright, A. Miller & E. Cooper, 14A Federal Practice and Procedure, § 3721 at 189. By virtue of 38 U.S.C. § 211(a), this Court does not have subject matter jurisdiction over plaintiff's claim against defendant. Thus, the claim is not within the original jurisdiction of this Court. Therefore, the claim was not removable to federal court under § 1441.[3]
In addition to removing the action pursuant to § 1441, the Veterans Administration removed the action pursuant to § 1442(a)(1). Section 1442(a) provides in pertinent part: "A civil action ... commenced in state court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office...." This removal provision grants the district court removal jurisdiction "even though there was no comparable statutory grant of original jurisdiction to the federal court [and] the suit could not have been commenced" in federal court. C. Wright, A. Miller & E. Cooper, 14A Federal Practice and Procedure § 3721 at p. 194.
The language "any officer of the United States or any agency thereof" in § 1442(a)(1) has been interpreted two ways by the courts. See Hart and Weschler, The Federal Courts and The Federal System, 1338(5) (1973). Some courts interpret that language to mean that both "any officer of the United States" and "any agency" of the United States may remove an action to federal court. IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc., 676 F.2d 152 (5th Cir. 1982); Township of Middletown v. N/E Regional Office, United States Postal Service, 601 F.Supp. 125 (D.N.J.1985); James River Apartments, Inc. v. Federal Housing Administration, 136 F.Supp. 24 (D.Md.1955). C. Wright, A. Miller & E. Cooper, 14A Federal Practice and Procedure, *222 § 3727 at 457, advocates this reading of § 1442(a)(1). Other courts interpret that language to mean that both "any officer of the United States" and "any officer of ... any agency" of the United States may remove an action to federal court. Gensplit Finance Corp. v. Foreign Credit Insurance Association, 616 F.Supp. 1504, 1508-1510 (E.D.Wis.1985); see City of Alma v. Bell, Galyardt & Wells, Inc., 606 F.Supp. 686, 690 (D.Neb.1985) and cases cited therein.
This Court believes that the latter interpretation is the correct interpretation. Section 1442 is captioned: "Federal officers sued or prosecuted." Section 1442(a)(1) refers to "persons" who may remove an action to federal court. In Willingham v. Morgan, 395 U.S. 402, 406-407, 89 S.Ct. 1813, 1815-1816, 23 L.Ed.2d 396 (1969), the Supreme Court stated that § 1442(a)(1) is to be broadly construed "to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." (emphasis added). The purpose of § 1442(a)(1) is to ensure a federal forum for federal officers to raise defenses arising out of their federal duties. Removal enables the federal officer to have the validity of his immunity defense adjudicated in the federal forum. Removal prevents state courts from imposing personal monetary liability or criminal penalties upon individual federal officers for actions arising out of their federal duties. Arizona v. Manypenny, 451 U.S. 232, 241-42, 101 S.Ct. 1657, 1664, 68 L.Ed.2d 58 (1981). See Tennessee v. Davis, 100 U.S. (10 Otto) 257, 25 L.Ed. 648 (1880). By means of § 1442(a)(1), "Congress intended ... to protect individuals employed by the [federal] government against suits brought against them in state courts for actions done in the course of their official duties; there was no evident intention to protect government agencies or other [government] entities from such suits." Gensplit Finance Corp. v. Foreign Credit Insurance Association, 616 F.Supp. 1504, 1509 (D.C.Wis.1985).
The United States can protect itself and its agencies from state court suits by invoking sovereign immunity. See Reid v. United States, 715 F.2d 1148 (7th Cir.1983). "If Congress had intended to extend coverage under § 1442(a)(1) to other than natural persons, it could easily have done so by stating as much in the language of the statute." Gensplit Finance, 616 F.Supp. at 1510. The United States and agencies of the United States cannot use § 1442(a)(1) to remove state court actions to federal court.
Plaintiff filed the state court counterclaim against the Veterans Administration. Plaintiff did not sue any federal officer in his individual or official capacity. As noted previously, defendant Thomas K. Turnage substituted himself as defendant for the Veterans Administration on his own initiative. Plaintiff has made no claim against Thomas K. Turnage. This is a suit against the Veterans Administration. This suit is not removable under § 1442(a)(1).
This Court does not have original jurisdiction over this action. Thus, removal under § 1441 was not proper. The United States and its agencies cannot remove under 1442(a)(1). Thus, removal under § 1442(a)(1) was not proper. Therefore, the case is remanded to the state court. The Court does not decide whether the state court has subject matter jurisdiction because the Court finds that it lacks subject matter jurisdiction to decide that question. Defendant's motion for summary judgment is denied as moot.

Conclusion
The Court finds it anomalous for defendant to invoke federal jurisdiction through removal to federal court and then for defendant to argue that the federal court lacks subject matter jurisdiction because the state court lacked subject matter jurisdiction. This procedure may be acceptable when the action is within the original jurisdiction of the federal courts. See Reid v. United States, 715 F.2d 1148 (7th Cir.1983). However, when the United States or its agencies are sued in state court on a claim which is not within the original jurisdiction of the federal courts, they should move in state court to dismiss for lack of subject *223 matter jurisdiction on the basis of sovereign immunity. They should not remove the action to federal court. By filing a verified petition for removal, defendant asserted that this Court does have jurisdiction to hear the matter. The Court finds that defendant misused the removal process by removing to federal court when, because of 38 U.S.C. § 211(a), defendant could not believe the federal court had original subject matter jurisdiction.
The Court also finds that defendant, the Administrator of the Veterans Administration, should have informed the Court that federal district courts do not have subject matter jurisdiction to review the Veterans Administration's denial of a claim for benefits. 38 U.S.C. § 211(a). See Missouri Rules of Professional Conduct 3.3(a)(3). The Court notes that, in a brief filed by the defendant (34 days late), defendant cites Ziviak v. United States, 411 F.Supp. 416 (D.Mass.), aff'd, 429 U.S. 801, 97 S.Ct. 36, 50 L.Ed.2d 64 (1976), on the merits of defendant's decision under 38 U.S.C. § 3203(b)(1). Ziviak stated that § 211(a) prohibits review "`of those decisions of law or fact that arise in the administration by the Veterans' Administration of [the] statute providing benefits for veterans'." 411 F.Supp. at 419 (quoting Johnson v. Robison, 415 U.S. 361, 367, 94 S.Ct. 1160, 1167, 39 L.Ed.2d 389 (1974), emphasis in Johnson).
The Court admonishes defendant to examine state court cases to determine if they are in fact removable. The defendant should not automatically remove all cases in which the United States or its agencies are named as defendant.
NOTES
[1] The jurisdiction of the federal court on removal is derivative of the state court jurisdiction. Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). As a result, if the state court does not have jurisdiction, the federal court does not have jurisdiction. This is so even if the suit could have been brought originally in federal court. Id. "[T]he theory is said to be that there is no action pending that can be removed." C. Wright, A. Miller & E. Cooper, 14A Federal Practice and Procedure, § 3721 at 197-198 (1985). Defects in the subject matter jurisdiction of the state court are not cured by removal and may thereafter be challenged in federal court. Freeman v. Bee Machine Co., 319 U.S. 448, 451, 63 S.Ct. 1146, 1147, 87 L.Ed. 1509 (1943). See Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).
[2] As written § 211(a) prevents "other officials" and United States courts from reviewing decisions of the Veterans Administration. This Court expresses no opinion as to whether § 211(a) prevents state courts from reviewing decisions of the Veterans Administration.
[3] If the Court had determined that this case was within the federal court original subject matter jurisdiction so that the case would be ostensibly removable under § 1441, then, in order to determine whether removal was proper, the Court would be required to respond to defendant's contention that the state court lacked subject matter jurisdiction. "In addition to the requirement that the case be within the original jurisdiction of the federal courts, the action may be removed only if it also is within the subject matter jurisdiction of the state court in which it has been commenced." C. Wright, A. Miller & E. Cooper, 14A Federal Practice and Procedure, § 3721 at 195 (1985). Lambert Run Coal Company v. Baltimore & Ohio Railroad Company, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Having determined that removal was not proper under § 1441 by virtue of 38 U.S.C. § 211(a), the Court finds that it does not have subject matter jurisdiction to determine whether the state court had subject matter jurisdiction.