**In re James Lee NELSON, Victoria Ward Nelson, Debtors.**

**James L. NELSON, Plaintiff,**

**v.**

**Melissa K. NELSON, and AFAFC/JAL, Defendants.**

**Bankruptcy No. 88–0037–NN.**
**Adv. No. 88–0037–NN.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

May 10, 1988.

Richard W. Hudgins, Newport News, Va., for James Lee Nelson.

Jonathan L. Hauser, Lyle, Siegel, Croshaw & Beale, Virginia Beach, Va., for Marvin E. Spears, Inc.

Frank J. Santoro, Portsmouth, Va., Trustee.

William F. Raynolds and Bill Hood, William W. Hood & Associates, Tulsa, Okl., Claimants.

Henry E. Hudson, U.S. Atty., U.S. Dept. of Justice, Norfolk, Va., Edwin Meese, III, Atty. Gen., Washington, D.C., for U.S.

## ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This matter comes before the Court on debtor's complaint to enjoin a wage garnishment issued by an Oklahoma state court for attorney's fees in a child support case. James Lee Nelson filed his Chapter 13 case in February, 1988. On April 22, 1988, this Court heard argument and denied the injunction in light of the Fourth Circuit's ruling in *Caswell v. Lang*, 757 F.2d 608 (1985), this Court being of the opinion that it is clearly the law in the Fourth Circuit that a federal court shall not interfere in such matters. Nelson contended *Caswell* did not apply, and was granted leave to file a proffer of facts and memorandum of law in support of his position. Having considered all of this, the Court makes the following findings of fact and conclusions of law.

The facts are uncontroverted.[1] Nelson was formerly married to Melissa K. Nelson. Together, they had two children. Mother and children reside in Tulsa, Oklahoma. In 1987 a number of hearings took place concerning the medical treatment, custody and support of these children in Tulsa. At the conclusion of these proceedings, among other decisions, the Tulsa court awarded Melissa Nelson her attorney fees and costs, and orally stated 10% were allocable to the child support phase.

Under the proper state law, the Tulsa court issued a garnishment for this $23,-804.74 debt. Pursuant thereto, Nelson's employer, the United States Air Force, has been withholding $400.00 per month.

Mr. Nelson seeks an injunction to prevent garnishment for funds exceeding 10% of the award allocated to the child support proceedings.

Nelson contends that *Caswell v. Lang* is inapplicable. He urges that the obligation being satisfied by the garnishment is not child support. Nelson also argues that *Caswell* does not apply because this is not a case where a Chapter 13 plan includes a child support obligation.

The obligation is child support. Attorney fee awards for custody and support proceedings have always been held to be support. *In re Gedeon*, 31 B.R. 942, 945 (Bankr.Colo.1983). The majority of bankruptcy courts have held attorney awards are a part of support. *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981). The very statute that allows the wages of an Air Force employee, such as Mr. Nelson, defines child support to include attorney fees, interest, and costs where allowed by state law and a state court. 42 U.S.C. § 662(b) (applicable to Air Force pursuant to 32 C.F.R. 818.3(b) (1987) incorporating 42 U.S.C. § 659 (Supp. III 1985)).[2]

Nelson correctly states the holding in *Caswell v. Lang* which is that past-due support obligations may not be included in a Chapter 13 plan, but incorrectly limits the case. By express language the Fourth Circuit states "a federal court may not interfere with the remedies provided by a state court in these areas of particular state concern." *Caswell*, 757 F.2d at 610. This garnishment is such a state remedy. Enjoining it or altering the amount to be collected would involve this bankruptcy court in altering the payment of this debt, which *Caswell* forbids. The State court's determination respecting the rights of the parties in these areas of state concern should not be disturbed by federal bankruptcy courts. *Caswell* at 611. If there is any right the debtor has to exercise in

---

1. The defendants in this case neither appeared or answered.

2. These provisions limit federal court jurisdiction in these matters. *See,* 42 U.S.C. § 660 (Supp. III 1985), *Stephens v. Dept. of Navy,* 589 F.2d 783 (4th Cir.1979).

connection with the garnishment, it must be exercised in the Tulsa court that determined the proceedings.

ACCORDINGLY, the Injunction is hereby denied.

IT IS SO ORDERED.