**Alfred EICHENHOLZ, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, Defendant.**

**No. CV 91–0722–SVW.**

United States District Court, C.D. California.

March 12, 1991.

Kenneth A. Freedman, Los Angeles, Cal., for plaintiff.

Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION

WILSON, District Judge.

This proceeding arises out of a marriage dissolution action wherein Plaintiff's ex-wife obtained an Income Withholding Order from the Minnesota Courts pursuant to an Order for Spousal Support. Plaintiff's ex-wife served the Withholding Order on Plaintiff's employer, the Department of Veteran Affairs ("DVA"). DVA then commenced garnishing Plaintiff's wages. Plaintiff filed a complaint in this court, case no. CV 90–0684 SVW, seeking to quash the Minnesota Withholding Order because it is a foreign order that was not registered in the California courts. This court dismissed the action for lack of subject matter jurisdiction, finding that plaintiff's action properly lay in the state court.

The basis for the court's previous ruling was that the statute authorizing garnishment of a federal employee's wages pursuant to a state court order did not confer jurisdiction or raise a federal question. Specifically, under 42 U.S.C. § 659, enacted in 1975, the United States waived immunity to garnishment and similar proceedings for enforcement of child support and alimony obligations.[1] Section 659, however, does

---

1. 42 U.S.C. § 659(a) reads as follows: Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentali-

not confer federal jurisdiction. *Stephens v. United States Department of the Navy,* 589 F.2d 783 (4th Cir.1979). Jurisdiction also does not lie under 28 U.S.C. § 1346(a)(2) since section 659 merely waives the defense of sovereign immunity to state proceedings, while not creating a federal cause of action. *Id.* (*citing Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936)); *Diaz v. Diaz,* 568 F.2d 1061, 1063 (4th Cir.1977). Thus, the court held that plaintiff's action was a state action and properly lay in the state court. *See Marin v. Hatfield,* 546 F.2d 1230, 1231 (5th Cir.1977).

Plaintiff has since filed an action in California state court and moved ex parte for an order quashing the Minnesota order. The California state court issued an order quashing the Minnesota order. Upon service of the California state court complaint and order, the DVA removed to this court under the authority of 28 U.S.C. section 1442(a)(1). The DVA then moved ex parte for an order vacating the California state court order and subsequently filed a motion to dismiss for lack of subject matter jurisdiction. Defendant argues that the court lacks subject matter jurisdiction over this case since 42 U.S.C. section 659, the statute subjecting the United States to state court garnishment proceedings, is not jurisdictional. As noted above, this court's previous dismissal was premised on this very conclusion. What the DVA fails to grasp is the consequence of this court's lack of subject matter jurisdiction.

■■■ Since the court has no subject matter jurisdiction, this case could not have been brought originally in this court and, thus, could not have been removed here pursuant to the general removal statute. *See* 28 U.S.C. section 1441(a). However, the DVA's petition for removal was based on 28 U.S.C. section 1442(a)(1), which provides:

> (a) A civil action ... commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Since only the DVA was sued, the defendant's position must be that section 1442(a)(1)'s reference to "or any agency thereof" should be read as authorization for removal by an agency itself. However, the statute is titled "Federal officers sued or prosecuted" and the whole phrase reads "[a]ny officer of the United States or any agency thereof, or person acting under him." It appears to the court that the most reasonable interpretation of this statute is that it allows removal (in specified circumstances) by officers of the United States, officers of United States' agencies, or any person acting under such an officer.[2] Further, the statutory reference to a "person acting under *him*" supports this interpretation since Congress does not generally refer to agencies by use of a personal pronoun. Thus, the court finds that section 1442(a)(1) does not provide for removal by a federal agency itself. *See Woodward v. Turnage,* 646 F.Supp. 219, 221–22 (E.D.Mo.1986) (Veterans Administration could not remove under section 1442(a)); *City of Alma v. Bell, Galyardt & Wells, Inc.,* 606 F.Supp. 686, 689–90 (D.Neb.1985) (Environmental Protection Agency ("EPA") could not remove under section 1442(a)); *Lowe v. Norfolk and*

---

ty thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

**2.** The Supreme Court has referred to section 1442(a) as the "officer removal statute" and discussed its application to "cases in which a federal officer is a defendant." *See Mesa v. California,* 489 U.S. 121, 136–37, 109 S.Ct. 959, 968–69, 103 L.Ed.2d 99 (1989).

*Western Railway Co.*, 529 F.Supp. 491, 494–95 (S.D.Ill.1982) (EPA could not remove under section 1442(a)); *Brewer v. Department of Housing and Urban Development*, 508 F.Supp. 72, 74 (S.D.Ohio 1980) (Department of Housing and Urban Development could not remove under section 1442(a)(1) since no federal officer was a defendant); *KCPO Employees Credit Union v. Mitchell*, 421 F.Supp. 1327, 1329–31 (W.D.Mo.1976) (United States Postal Service could not remove under section 1442(a)).

■ While some courts have allowed removal by an agency pursuant to section 1442(a)(1),[3] their reasoning is not persuasive given the language of the statute and the purpose of section 1442(a) as expressed by the Court. *See Mesa v. California*, 489 U.S. at 136–39, 109 S.Ct. at 968–70 (rejecting a broad reading of section 1442(a) as providing protective jurisdiction over any claim against a federal officer even where there is no averment of a feder-

al defense). Further, since suits against federal agencies are suits against the United States, they are barred in state or federal court except as specifically consented to by statutory waivers of sovereign immunity. *See Lowe*, 529 F.Supp. at 494; *see also Mesa*, 489 U.S. at 136–37, 109 S.Ct. at 968 (the federal officer removal statute merely provides for jurisdiction via a federal defense, thus circumventing the "well pleaded complaint" rule). Thus, it seems highly unlikely that Congress would have intended to provide a federal forum for a suit against an agency via removal when it has not done so directly. This is especially true here, where Congress has specifically waived immunity to state court garnishment proceedings, but not provided a federal remedy or conferred federal jurisdiction.

As the only defendant in this case is the DVA, and it is not entitled to remove under section 1442(a)(1), this court lacks subject matter jurisdiction over this case.[4] Fur-

---

**3.** *See IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 156 (5th Cir.1982) (no reasoning or citation provided); *Township of Middletown v. N/E Regional Office, United States Postal Service*, 601 F.Supp. 125, 127 (D.N.J.1985) (relying on broad interpretation of section 1442(a)(1) and *IMFC*, *supra*, as alternative ground for removal by agency); *National Audubon Society v. Department of Water & Power of City of Los Angeles*, 496 F.Supp. 499, 508 (E.D.Cal.1980) (relying on *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969) for the proposition that section 1442(a) should be interpreted broadly and that, under such an interpretation, agencies are "persons"). Several courts have noted that *Willingham's* admonition not to interpret section 1442(a) narrowly only went to the question of what constitutes an act done under color of federal right and not to the question of who may remove. *Gensplit Finance Corp. v. Foreign Credit Insurance Association*, 616 F.Supp. 1504, 1508–10 (D.Wis.1985); *City of Alma*, 606 F.Supp. at 690; *Lowe*, 529 F.Supp. at 491. Additionally, some courts have specifically held that section 1442(a) is limited to natural persons only and is not available to corporations or other business entities. *See C.H. v. American Red Cross*, 684 F.Supp. 1018, 1023–24 (D.Mo.1987) (neither corporations or agencies may remove); *Roche v. American Red Cross*, 680 F.Supp. 449, 454 (D.Mass.1988); *Gensplit Finance*, 616 F.Supp. at 1509. Finally, some courts have held that corporations can remove pursuant to section 1442(a) since it is not by its terms limited to natural persons, so long as the corporation is acting under an official of an

agency of the United States. *See Group Health Inc. v. Blue Cross Association*, 587 F.Supp. 887, 890 (S.D.N.Y.1984) (and cases cited therein generally involving Medicare carriers acting under the Secretary of Health and Human Services ("HHS"); distinguishing *Lowe* and its progeny as *excluding removal by agencies*, not as limiting removal to natural persons); *see also City of Alma*, 606 F.Supp. at 690–91 (interpreting *IMFC* as a case of an HHS administrator rather than agency removal and not as blanket authority for agency removal, citing *Group Health*).

**4.** Additionally, it should be noted that any case properly removed under section 1442(a)(1) would be within the court's subject matter jurisdiction. As the Supreme Court unanimously held, section 1442(a) is a purely jurisdictional statute that is only consistent with Article III of the United States Constitution because the raising of a colorable federal defense in the removal petition is sufficient to provide the court with "arising under" subject matter jurisdiction. *See Mesa*, 489 U.S. at 136–37, 109 S.Ct. at 968 (the statute merely eliminates the "well pleaded complaint" rule, allowing the federal question to be raised by the officer's defense). Additionally, *Mesa* requires that any removal pursuant to section 1442(a) "be predicated upon averment of a federal defense." 489 U.S. at 139, 109 S.Ct. at 970. Here, the government has not asserted any federal defense in its petition for removal. Thus, in addition to the lack of a federal officer defendant, the court also lacks subject matter jurisdiction over this case because no federal defense has been raised. On the other hand, if

ther, since proper removal pursuant to section 1442(a)(1) would have given this court jurisdiction, the DVA's attempt to structure a procedure by which it could avoid responding to plaintiff's complaint in any forum would not have succeeded in any event. Based on the foregoing, the court hereby REMANDS this case to the Superior Court of Los Angeles County from which it was removed.[5]

IT IS SO ORDERED.

this action had been properly removed, *i.e.*, by a federal officer raising a federal defense, there necessarily would be subject matter jurisdiction in this court. *See Mesa,* 489 U.S. at 136–37, 109 S.Ct. at 968.

**5.** The court's remand for lack of subject matter jurisdiction renders the government's ex parte application to vacate the state court order moot.